UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEREDITH VOLKER,

    Plaintiff,

vs.                              CASE NO.

AMERICAN CORADIUS
INTERNATIONAL LLC

    Defendant.

_____/

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

### NATURE OF ACTION

1. This is class action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendant transacts business in this State and this district.

### PARTIES

4. Plaintiff Meredith Volker ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Hillsborough.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, American Coradius International LLC ("Defendant"), is a foreign limited liability company with its current principal address situated at: 2420 Sweet Home Road, Ste. 150, Amherst, New York 14228.

7. Defendant may be served through its registered agent: Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301-2525.

8. Defendant is a company which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

## FACTUAL ALLEGATIONS

9. Defendant is a leading full-service retail collection agency which represents banks and finance companies nationwide. Defendant advertises that it: "provides a commitment to results and service while at the same time maintaining [its] clients' outstanding name in the financial community."[1]

10. Defendant uses its collector representative employees "to contact [its] client's customers to collect on their delinquent accounts."[2]

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

---

[1] http://americancoradiusinternational.com/.
[2] *See* http://www.acillc.us/index.php?src=jobs&srctype=display&refno=2.

14. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction or transactions in which the money, property, insurance, and/or services that are the subject of the transaction(s) were incurred primarily for personal, family, or household purposes.

15. Upon information and belief, Defendant places thousands of debt collection calls per day and leaves, or causes to be left, hundreds of voice messages/voice recordings per day.

16. Plaintiff's cellular telephone number is (973) 219-XXXX.

17. On or about October 5, 2010, at or near 7:58PM, Defendant willfully and knowingly used an automatic telephone dialing system, without prior consent, to make and/or place no less than one (1) non-emergency telephone call to Plaintiff's cellular telephone number in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

18. On or about October 8, 2010, at or near 2:45PM, Defendant willfully and knowingly used an automatic telephone dialing system, without prior consent, to make and/or place no less than one (1) non-emergency telephone call to Plaintiff's cellular telephone number in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

19. On or about October 20, 2010, at or near 12:30PM, Defendant willfully and knowingly used an automatic telephone dialing system, without prior consent, to make and/or place no less than one (1) non-emergency telephone call to Plaintiff's cellular telephone number in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

20. Upon information and belief, Defendant, as a matter of pattern and practice, willfully and knowingly utilizes an automatic telephone dialing system, without prior consent, to make and/or place non-emergency telephone calls to persons' cellular telephone numbers in effort to collect from them obligations, or alleged obligation, owed or due, or asserted to be owed or due creditors other than Defendant.

21. On or about October 5, 2010, at or near 7:58PM, Defendant knowingly and willfully initiated a telephone call to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following non-emergency message:

> Hello this is an important message for a Meredith Volker. Uh, My name is David Verstreet and I'm calling from uh the offices of American Coradius International, ACI. Uh, Please return the call the number is 800-753-0633. Uh when your returning the call to my office ask for reference number 4056543. Our office is open from 8AM until 9PM. Please return the call at your earliest convenience.

Exhibit 1.

22. Upon information and belief, Defendant, as a matter of pattern and practice, knowingly and willfully initiates telephone calls to persons' residential and/or cellular telephone numbers to deliver messages substantially similar or materially identical to the voice message/voice recording delivered to Plaintiff on or about October 5, 2010, at or near 7:58PM.

23. On or about October 8, 2010, at or near 2:45PM, Defendant knowingly and willfully initiated a telephone call to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following non-emergency message:

> Good afternoon this is an important message for uh Meredith Volker. Uh, this is David Verstreet calling with American

> Coradius International, ACI.  Uh please return the call the number in our office is 800 753-0633.  When calling in please ask for reference number 4056543.  Oh uh, [pause] our office is open today until 5PM eastern time and then tomorrow from 8AM until Noon eastern time.  Um please return the call at your earliest convenience.

Exhibit 2.

24. Upon information and belief, Defendant, as a matter of pattern and practice, knowingly and willfully initiates telephone calls to persons' residential and/or cellular telephone numbers to deliver messages substantially similar or materially identical to the voice message/voice recording delivered to Plaintiff on or about October 8, 2010, at or near 2:45PM.

25. On or about October 20, 2010, at or near 12:30PM, Defendant knowingly and willfully initiated a telephone call to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following non-emergency message:

> Good afternoon this is an important message for Meredith Volker.  Uh my name is David Verstreet, I'm calling today with American Coradius International, ACI.  Please return the call the number is 800 753-0633.  When calling in ask for reference number 4056543.  Oh our office is open until 9PM please call at your earliest convenience.

Exhibit 3.

26. Upon information and belief, Defendant, as a matter of pattern and practice, knowingly and willfully initiates telephone calls to persons' residential and/or cellular telephone numbers to deliver messages substantially similar or materially identical to the voice message/voice recording delivered to Plaintiff on or about October 20, 2010, at or near 12:30PM.

## **CLASS ACTION ALLEGATIONS**

27. Plaintiff brings this action on behalf of herself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined by two distinct subclasses of individuals:

   i. All persons located in the Eleventh Circuit who, within one year before the date of this complaint, received a voice message from Defendant in connection with an attempt to collect any consumer debt, where the voice message was substantially similar or materially identical to the messages delivered to Plaintiff.

   ii. All persons located in the Eleventh Circuit who, within four years before the date of this complaint, received on their cellular telephone line a non-emergency call initiated by Defendant using an automatic telephone dialing system absent prior express consent.

28. The proposed class specifically excludes the United States of America, the states of the Eleventh Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit and the United States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

29. The class is averred to be so numerous that joinder of members is impracticable.

30. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

31. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

32. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but

are not limited to: (a) The existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. §1692 *et. seq.*, and 47 U.S.C. §227; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

33. The claims of Plaintiff are typical of those of the class(es) she seeks to represent.

34. The claims of Plaintiff and of the class(es) originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

35. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

36. Plaintiff will fairly and adequately protect the interests of the class(es) and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class(es).

37. Plaintiff is willing and prepared to serve this Court and proposed class(es).

38. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

39. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

40. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class(es) would, as a practical matter, be dispositive of the interests of other members of the class(es) who are not parties to the action or could substantially impair or impede their ability to protect their interests.

41. The prosecution of separate actions by individual members of the class(es) would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class.  Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

42. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class(es), making final declaratory or injunctive relief appropriate.

43. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class(es) predominate over any questions affecting only individual members.

44. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have interest in prosecuting and controlling separate individual actions; (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I

45.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 44.

46.     15 U.S.C. § 1692d(6) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *     *     *
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

47.     Title 15 U.S.C. § 1692d(6) prohibits the placement of telephone calls without meaningful disclosure of the caller's identity.  Specifically, the caller must accurately disclose the name of her employer and the nature of her business and conceal no more than her real name." *Breeders v. Gulf Coast Collection Bureau, Inc.*, No. 8:09-cv-00458-EAK-AEP, 2010 WL 2696404 (M.D. Fla., July 6, 2010) (*citing Hosseinzadeh v. M.R.S. Assoc., Inc.*, 387 F.Supp.2d 1104, 1112 (C.D. Cal.2005); *accord Costa v. National Action Financial Services*, 634 F. Supp. 2d 1069 (E.D. Cal. 2007).

48.     A debt collector fails to meet the standards prescribed by 15 U.S.C. § 1692d(6) where it fails "to disclose that the caller was a debt collector and that the purpose of the call was to collect a debt." *Koby v. ARS Nat. Services, Inc.*, 2010 WL 1438763 *5 (S.D. Cal. 2010).

49.     "15 U.S.C. 1692d(6) applies 'equally to automated message calls and live calls.'" *Hosseinzadeh,* 387 F. Supp. 2d at 1115 (C.D. Cal. 2005), citing *Joseph v. J.J. Mac Intyre Cos.*, 238 F. Supp. 2d 1158 (N.D. Cal. 2002).

50. "The Eleventh Circuit adapted the [least sophisticated consumer standard] when dealing specifically with alleged violations under Section 1692d, which is entitled 'Harassment or Abuse.' In such cases, the alleged violations 'should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression, or abuse.'" *Breeders,* 2010 WL 2696404 at *3 (M.D. Fla.) (*citing Jeter*, 760 F.2d at 1173).

51. "Meaningful disclosure" requires that the caller state his or her name and capacity, and disclose enough information so as not to mislead the recipient as to the purpose of the call. *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1115 (C.D. Cal. 2005); *Costa v. National Action Financial Services,* 634 F. Supp. 2d 1069 (E.D. Cal. 2007).

52. Neither of the recorded voice messages/voice recordings transcribed herein state the nature of Defendant's business.

53. Defendant violated 15 U.S.C. § 1692d(6) by failing to provide meaningful disclosure of its identity when placing telephone calls to Plaintiff.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

   a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

   b. Adjudging that Defendant violated 15 U.S.C. § 1692d(6).

   c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

   d. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

      e.   Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

      f.   Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

54.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 53.

55.   15 U.S.C. § 1692e(11) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*      \*      \*
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

56.   Voicemail messages from debt collectors to debtors are "communications" regardless of whether a debt is mentioned in the message. *Berg v. Merchants Assoc. Collection Div., Inc.,* 586 F. Supp. 2d 1336 (S.D. Fla. 2008), citing *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 WL 1992410, at \*4-5 (M.D. Fla. July 14, 2006) ("since the purpose of the message is to get the debtor to return the call to discuss the debt . . . the messages left on [plaintiff's] answering machine constitute communications that can support a violation of § 1692e(11)"); *Hosseinzadeh*, 387 F. Supp. 2d at 1115-16 (holding that a voice mail message is a "communication" under the FDCPA).

57. Under § 1692e(11), a debt collector must disclose in the initial written communication, and in the initial oral communication if the initial communication is oral, that he is attempting to collect a debt and that any information obtained will be used for that purpose. Further, a debt collector must disclose, in all subsequent communications, that the communication is from a debt collector. *See e.g. Schwarm v. Craighead,* 552 F.Supp.2d 1056, 1081-82 (E.D. Cal. 2008) (finding that the defendant was required to include the disclosure that the communication was from a debt collector in all eleven subsequent communications between the defendant creditor and the plaintiff debtor).

58. "[T]he Act does not guarantee a debt collector the right to leave answering machine messages." *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350, 1354 (11th Cir. 2009) (affirming summary judgment in favor of plaintiff under § 1692e(11), and rejecting affirmative defense of *bona fide* error: "It was not reasonable for [defendant] to violate § 1692e(11) of the Fair Debt Collection Practices Act with every message it left in order to avoid the possibility that some of those messages might lead to a violation of § 1692c(b)").

59. On or about October 5, 2010, at or near 7:58PM, Defendant knowingly and willfully initiated a telephone call to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following non-emergency message:

> Hello this is an important message for a Meredith Volker. Uh, My name is David Verstreet and I'm calling from uh the offices of American Coradius International, ACI. Uh, Please return the call the number is 800-753-0633. Uh when your returning the call to my office ask for reference number 4056543. Our office is open from 8AM until 9PM. Please return the call at your earliest convenience.

*Supra* at ¶ 20.

60. Defendant's October 5, 2010, message does not state that Defendant is attempting to collect a debt and that any information obtained will be used for that purpose.

61. Defendant's October 5, 2010, message does not state that it is from a debt collector.

62. On or about October 8, 2010, at or near 2:45PM, Defendant knowingly and willfully initiated a telephone call to Plaintiff's cellular telephone number, using an automatic telephone dialing system, without prior consent, to deliver the following non-emergency message:

> Good afternoon this is an important message for uh Meredith Volker. Uh, this is David Verstreet calling with American Coradius International, ACI. Uh please return the call the number in our office is 800 753-0633. When calling in please ask for reference number 4056543. Oh uh, [pause] our office is open today until 5PM eastern time and then tomorrow from 8AM until Noon eastern time. Um please return the call at your earliest convenience.

*Supra* at ¶ 22..

63. Defendant's October 8, 2010, message does not state that it is from a debt collector.

64. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose during the communications with Plaintiff, as described in this Count I, that the communications were from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a. Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b. Adjudging that Defendant violated 15 U.S.C. § 1692e(11).

 c. Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00 per class member.

 d. Awarding Plaintiff, and all those similarly situated, their reasonable attorneys' fees ands costs incurred in this action, including counsel fees and expert fees;

 e. Awarding Plaintiff, and all those similarly situated, any pre-judgment and post-judgment interest as may be allowed under the law;

 f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

65. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 64.

66. 47 U.S.C. § 227(B)(A)(iii) provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> \* \* \*
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> \* \* \*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

67. Defendant violated 47 U.S.C. § 227(b)(A)(iii) by willfully and knowingly using an automatic telephone dialing system to make and/or place non-emergency telephone calls to Plaintiff's cellular telephone line absent Plaintiff's prior consent.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(A)(iii);

c) Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

d) Awarding Plaintiff, and all those similarly situated, statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

68. Plaintiff is entitled to and hereby demands a trial by jury on all counts.

Dated: December 21, 2010, and respectfully submitted,

> s/ Alex Weisberg
> Florida Bar No. 0566551
> WEISBERG & MEYERS, LLC
> 5722 S. Flamingo Rd, Ste. 656
> Cooper City, FL 33330
> (954) 212-2184
> (866) 577-0963 fax
> aweisberg@attorneysforconsumers.com